IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MEDX IMAGING LLC D/B/A EVES BREAST CENTER, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-CV-01259-O |
| TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiffs' Motion for Temporary Restraining Order ("TRO") (ECF No. 2), filed December 23, 2024. For the reasons stated herein, the Court **DENIES** Plaintiffs' Motion.

**I.    BACKGROUND**[1]

Sarah Kahn, M.D. ("Dr. Khan") is a board-certified radiologist who owns and operates MedX Imaging LLC d/b/a Eves Breast Center ("MedX") (collectively, "Plaintiffs"). MedX is a women's imaging service center in Southlake, Texas, which strives to provide affordable breast care to uninsured and low-income women.

On November 30, 2023, the Texas Department of State Health Services ("Defendant") issued a Notice of Violation, alleging that MedX violated 25 TAC § 289.230(r)(2)(D) because Dr. Khan "did not complete the required 25 supervised mammographic examinations for requalification before resuming independent performance of mammography."[2] According to

---

[1] Unless otherwise noted, the facts presented herein are taken from Plaintiffs' pleadings. *See* Pls.' Compl., ECF No. 1; Pls.' Mot., ECF No. 2.

[2] Pls.' Compl. ¶ 17, ECF No. 1.

1

Plaintiffs, they now face "significant financial and professional harm from [Defendant's] enforcement of this violation, on top of the challenges associated with there being a shortage of radiologic technologists, as Dr. Khan is now having this violation associated with her record."[3] Plaintiffs assert Defendant's actions have harmed their reputations and disrupted clinic operations.

On December 23, 2024, Plaintiffs filed this action asserting that Defendant violated the Administrative Procedure Act and is liable for defamation. That same day, Plaintiffs filed their Motion for a TRO, which is now before the Court.[4] Plaintiffs sent Defendant notice of the pleadings and requested TRO.[5] The docket does not reflect Defendant has appeared or otherwise responded to Plaintiffs' Motion.

## II.   ANALYSIS

In their Motion, Plaintiffs request the Court grant a TRO restraining Defendant "from enforcing or taking any action based on any Notice of Violation against" Plaintiffs.[6] In this circuit, the movant seeking a TRO must demonstrate, "by a clear showing: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the nonmovant; and (4) that the injunction will not undermine public interests." *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). The movant must clearly carry the cumulative burden of persuasion on all four enumerated elements in order for the requested injunctive relief to be granted. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction."

---

[3] *Id.* ¶ 18.
[4] *See* Pls.' Mot., ECF No. 2.
[5] *See* Certificate of Service 1, ECF No. 8.
[6] Pls.' Mot. 15, ECF No. 2.

*Speed v. Am.'s Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Here, the Court concludes Plaintiffs fail to demonstrate the first element—a substantial likelihood of prevailing on the merits of any of their claims. Plaintiffs first contend they "have a probable right to the relief sought"[7] because of Defendant's misinterpretation and enforcement of 25 TAC § 289.230(r)(2).[8] Specifically, they assert Defendant's "misapplication of the regulation constitutes an arbitrary and capricious action."[9] This argument is based on Defendant's November 30, 2023, Notice of Violation, which alleged MedX violated 25 TAC § 289.230(r)(2).[10] Plaintiffs in their Motion only provide a short statement from the Notice: "The medical radiologic technologist did not complete the required 25 supervised mammographic examinations for requalification before resuming independent performance of mammography."[11] Plaintiffs, though, do not include the full extent of the Notice for the Court to determine whether Defendant acted arbitrarily and capriciously. Accordingly, Plaintiffs' contentions, at best, amount to conclusory allegations and fail to demonstrate a substantial likelihood of prevailing on the merits of this claim. "Conclusory allegations are insufficient to carry the burden of proof imposed upon persons seeking preliminary injunctive relief." *Mack v. Smith*, No. 5:15CV202, 2017 WL 1129905, at *1 (E.D. Tex. Mar. 27, 2017).

---

[7] Plaintiffs have erroneously briefed their Motion under Texas law standards for a temporary restraining order. *See* Pls.' Mot. for TRO 10–14, ECF No. 2. Federal law governs Plaintiffs' Motion. *See Benson v. Bank of Am. ex rel. LaSalle Bank Nat. Ass'n*, No. 3:14-CV-1046-L, 2014 WL 1571227, at *1 (N.D. Tex. Apr. 17, 2014) (While [the plaintiff] seeks relief under state rules of civil procedure, his motions are governed by federal law."). Thus, the Court examines Plaintiffs' Motion under the Fifth Circuit's four-element framework for a TRO.
[8] Pls.' Mot. 11, ECF No. 2.
[9] *Id.*
[10] *Id.* at 4.
[11] *Id.*

The same is true for Plaintiffs' next argument. Plaintiffs contend they "have a probable right to the relief sought" as to their defamation claims, including libel and slander, interference with business relations, and violation of due process rights.[12] Again, though, Plaintiffs provide a conclusory argument that Defendant's slanderous statements "constitute defamation and tortious interference with business relations" and "have significantly damaged both MedX and Dr. Khan's reputation."[13] And as to property interests, Plaintiffs merely argue Defendant's enforcement actions "have deprived [Plaintiffs] of property interests—namely, MedX's ability to operate effectively—without due process of law."[14] But Plaintiffs fail to provide factual allegations to substantiate any of these propositions. And Plaintiffs' Motion "fails to cite any case law or point to any evidence in the record to establish that [they] ha[ve] a substantial likelihood of success." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1693023, at *3 (E.D. Tex. Apr. 7, 2020). Thus, they have failed to carry their burden to demonstrate a substantial likelihood of prevailing on the merits as to their causes of action based on defamation. *See id.* ("Plaintiff did not provide strict proof that he had a substantial likelihood of success on the merits [as to his defamation claim].").

Because Plaintiffs have not carried their burden to establish a substantial likelihood of success on the merits of any of their claims, there is no need for the Court to examine the remaining elements required for injunctive relief. *See Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) (explaining that because the plaintiff fails to demonstrate the first element, the court "need not reach the other three criteria for granting a preliminary injunction").

---

[12] *Id.* at 11.
[13] *Id.*
[14] *Id.* at 11–12.

4

## III.  CONCLUSION

Because Plaintiffs fail to establish a substantial likelihood of success on the merits, their Motion for Temporary Restraining Order (ECF No. 2) is hereby **DENIED**.

**SO ORDERED** on this **16th day** of **January, 2025**.

                                                      Reed O'Connor
                                          **UNITED STATES DISTRICT JUDGE**