# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| MEDX IMAGING LLC, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:24-CV-01259-O |
| § | |
| TEXAS DEPARTMENT OF HEALTH § | |
| AND HUMAN SERVICES, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants Texas Department of State Health Services ("DSHS") and its representative agents' (collectively, "Defendants") Second Motion to Dismiss and Brief in Support (ECF No. 29), filed May 9, 2025; Plaintiffs MedX Imaging LLC d/b/a Eves Breast Center ("MedX") and Sarah Khan, M.D.'s ("Dr. Khan") (collectively, "Plaintiffs") Response (ECF No. 30), filed May 16, 2025; Defendants' Reply (ECF No. 31), filed May 30, 2025; and Plaintiffs' Sur-reply (ECF No. 33), filed June 6, 2025. After examining the relative authorities and arguments, the Court **GRANTS** Defendants' Motion.

## I.   BACKGROUND[1]

Plaintiff MedX is a women's imaging service center located in Southlake, Texas. It has been owned and operated since 2011 by Dr. Khan, a board-certified radiologist with nearly 18 years of experience and fellowship training in mammography. Prior to the events giving rise to

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiffs' Amended Complaint and the attached exhibits. *See* Pls.' Am. Compl., ECF No. 26. When subject matter jurisdiction is challenged on a Federal Rule of Civil Procedure 12(b)(1) facial attack, the facts alleged in the Complaint are presumed to be true. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The Court's review is limited to whether the Complaint is sufficient to allege jurisdiction. *Id.*

1

this suit, Dr. Khan began supervising Janis Lynn Wiscarson, a technologist who was required to perform 25 supervised mammographic examinations before resuming independent performance of mammography under Title 25 of the Texas Administrative Code Section 289.230(r)(2)(D).

On or around June 21, 2023, DSHS received a complaint alleging that Dr. Khan was "positioning" during mammograms without the necessary prerequisites.[2] DSHS investigated the complaint by calling six MedX patients and performing a site inspection on July 20, 2023. Plaintiffs allege that the inspection process was "highly intrusive and conducted in a manner that was extremely disruptive to the clinic's operations."[3]

Specifically, Plaintiffs maintain Defendants advised technologists that they "should not work for Dr. Khan,"[4] that Dr. Khan was engaged in criminal wrongdoing, that Dr. Khan violated regulatory standards, and that Dr. Khan's career was "finished."[5] Plaintiffs allege Defendants' "aggressive approach"[6] led to the resignation of multiple employees of MedX, damaged MedX's reputation, made it difficult to retain or recruit new technologists, and resulted in the loss of business opportunities.

DSHS eventually determined there was not enough evidence to substantiate the complaint against Dr. Khan and closed its investigation. DSHS cited MedX for two violations, one of which was under Section 289.230(r)(2)(D).[7] The citation reads, "[t]he medical radiologic technologist [Ms. Wiscarson] did not complete the required 25 supervised mammographic examinations for

---

[2] *See* Defs.' Br. Supp. Second Mot. to Dismiss 8, ECF No. 29-1.
[3] Pls.' Am. Compl. ¶ 29, ECF No. 26.
[4] *Id.* ¶ 30.
[5] *Id.* ¶ 52.
[6] *Id.* ¶ 31.
[7] Under Section 289.230(r)(2)(D), medical radiologic technologists who fail to meet continuing education or experience requirements may re-establish their qualifications by performing 25 mammographic examinations under the supervision of a qualified medical radiologic technologist. 25 TEX. ADMIN. CODE § 289.230(r)(2)(D).

requalification before resuming independent performance of mammography."[8] Since closing their investigation, Defendants have not pursued further enforcement against Plaintiffs.[9]

Plaintiffs bring three causes of action, all seeking declaratory relief.[10] First, Plaintiffs assert that Defendants' application of state mammography regulations to Dr. Khan violated her due process rights.[11] Second, Plaintiffs ask the Court to apply the Administrative Procedure Act's ("APA") "arbitrary and capricious" standard to "inform the Court's review of Plaintiffs' federal constitutional claims."[12] Third, Plaintiffs argue Defendants made "false and defamatory oral statements regarding Dr. Khan's conduct" that caused Plaintiffs to suffer "significant harm."[13]

Defendants now move to dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), or alternatively, under Rule 12(b)(6).

## II.  LEGAL STANDARD

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Because a Rule 12(b)(1) motion concerns a court's power to hear a case, when a Rule 12(b)(1) motion is brought with other Rule 12 motions to dismiss, the Rule 12(b)(1) motion must be addressed first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

There are two types of challenges to a court's subject matter jurisdiction under Rule 12(b)(1): a "facial attack" and a "factual attack." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack challenges jurisdiction based solely on the pleadings. *Id.* When

---

[8] Pls.' Am. Compl. ¶ 19, ECF No. 26.
[9] *See* Defs.' Br. Supp. Second Mot. to Dismiss 8, ECF No. 29-1.
[10] *See* Pls.' Am. Compl. ¶¶ 32–35, ECF No. 26.
[11] *Id.* ¶¶ 36–40.
[12] *Id.* ¶¶ 41–48.
[13] *Id.* ¶¶ 49–56.

ruling on a facial attack, a court must presume that factual allegations in the complaint are true and determine whether they establish subject matter jurisdiction. *Id.* The burden of proof for a Rule 12(b)(1) motion is "on the party asserting jurisdiction . . . the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

## III. ANALYSIS

In their Amended Complaint, Plaintiffs bring three causes of action: (1) violations of Plaintiffs' rights to due process under the Fifth and Fourteenth Amendments; (2) a request for the Court to apply the "arbitrary and capricious" standard of the APA, 5 U.S.C. § 706(2)(A), in reviewing Plaintiffs' constitutional claims; and (3) defamation.[14] Defendants now move to dismiss each claim under Rule 12(b)(1).[15] Alternatively, Defendants move to dismiss Plaintiffs' due process claim and request for application of the "arbitrary and capricious" standard under Rule 12(b)(6) for failure to state a claim.[16]

The Court determines that, at this stage of litigation, Plaintiffs have failed to demonstrate[17] the Court has subject matter jurisdiction with respect to any of their claims because: (1) Plaintiffs lack standing to sue for declaratory relief under their due process claim and request for the Court to apply the "arbitrary and capricious" standard, and (2) Plaintiffs' defamation claims are barred by Eleventh Amendment immunity. Because the Court lacks jurisdiction over Plaintiffs' claims, the Court does not reach the merits of Defendants' Rule 12(b)(6) arguments.

### A. Standing

The Court begins with Plaintiffs' due process claim and request for the Court to apply the "arbitrary and capricious" standard. Although Defendants argue that Plaintiffs' due process claim

---

[14] *See* Pls.' Am. Compl. ¶¶ 36–56, ECF No. 26.
[15] *See* Defs.' Br. Supp. Second Mot. to Dismiss 8–13, ECF No. 29-1.
[16] *Id.* at 16–18.
[17] *See Ramming*, 281 F.3d at 161.

is not ripe for adjudication,[18] the Court addresses this argument under a standing analysis.[19] Article III of the Constitution limits the exercise of the judicial power to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. The "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). So, for this Court to hear their case, Plaintiffs must demonstrate that they have standing. Moreover, they must show standing separately for each claim and each form of relief sought. *In re Latitude Sols., Inc.*, 922 F.3d 690, 695 (5th Cir. 2019).

There are ordinarily three requirements for Article III standing. A party seeking relief in federal court must demonstrate: (1) an "injury-in-fact," which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged action"; and (3) it is "likely . . . that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61 (citation modified). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561.

To establish Article III standing when seeking injunctive or declaratory relief, "a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Specifically, "a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.* The Court addresses each in turn.

---

[18] *See* Defs.' Br. Supp. Second Mot. to Dismiss 14–15, ECF No. 29-1; Defs.' Reply 4–5, ECF No. 31.
[19] Standing and ripeness both "originate from the same Article III limitation" and "boil down to the same question." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5 (2014) (internal quotation marks and citation omitted).

### 1. Plaintiffs are not suffering any continuing, present adverse effects from Defendants' past conduct.

Plaintiffs may establish Article III standing by demonstrating continuing harm caused by Defendants' past actions. *Bauer*, 341 F.3d at 358. Plaintiffs' due process claim and request for application of the "arbitrary and capricious" standard are based on Defendants' alleged application of Section 289.230(r)(2) to Dr. Khan.[20]

In her due process claim, Dr. Khan asserts that DSHS's "application of rules" concerning mammography is "arbitrary and capricious" and infringes on Dr. Khan's "right to perform and interpret mammograms."[21] In their request for the Court to use the "arbitrary and capricious" standard, Plaintiffs allege that "Defendants have engaged in arbitrary and capricious conduct by its erroneous application of [Section 289.230(r)(2)] according to [Section 601.151]."[22] Plaintiffs, though, fail to present evidence that would allow the Court to conclude that Section 289.230(r)(2) is being applied to Dr. Khan at all. The Court accordingly disagrees with Plaintiffs; Dr. Khan is not suffering continuous harm by Defendants' past actions.

On or around June 21, 2023, an anonymous complainant alleged that Dr. Khan was "engaged in positioning during mammograms without the required prerequisites needed to perform mammograms."[23] DSHS investigated, determined that the complaint was unsubstantiated, and closed the investigation.[24] Though DSHS cited MedX for violations of Section 289.230(r)(2), Defendants argue that this "[v]iolation was specific to the technologist Ms. Wiscarson's activities

---

[20] Though Plaintiffs argue that Defendants are "restricting both MedX and Dr. Khan" without due process, their due process claim and request for application of the "arbitrary and capricious standard" focus only on the application of Section 289.230(r)(2) to Dr Khan, not MedX. *Cf.* Pls.' Am. Compl. ¶¶ 36, 46–47, ECF No. 26. Accordingly, the Court's analysis focuses on whether Dr. Khan is suffering continuous harm.
[21] *See* Pls.' Am. Compl. ¶ 39, ECF No. 26.
[22] *Id.* ¶ 45.
[23] Defs.' Br. Supp. Second Mot. to Dismiss 8, ECF No. 29-1.
[24] *See* Pls.' Am. Compl. ¶¶ 28–31, ECF No. 26; Pls.' Am. Compl. Ex. E ("Exhibit E"), at 26–32, ECF No. 26.

and not Dr. Khan's activities."[25] Plaintiffs do not refute this; nor do they argue that DSHS erroneously cited Ms. Wiscarson for violating Section 289.230(r)(2).

There is no evidence on the record to support Plaintiffs' assertion that Defendants are applying Section 289.230(r)(2) to Dr. Khan, much less in a manner that (1) violates her due process rights or (2) is arbitrary and capricious. Plaintiffs argue that the injury to them is "live and determinable upon the Defendant[s'] stance of [Dr. Khan's] compliance."[26] This does not demonstrate current injury, however, only the possibility of a future injury "upon" a contingent event.[27] Thus, Plaintiffs are not suffering continuing, present adverse effects from Defendants' past actions.

### 2. There is not a substantial likelihood that Plaintiffs will suffer injury in the future.

In the absence of continuing harm from a defendant's past conduct, a plaintiff seeking declaratory relief must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer*, 341 F.3d at 358. Plaintiffs have failed to plead facts that would allow the Court to find such a likelihood here. Plaintiffs admit that Defendants' investigation was "ultimately closed without any finding of wrongdoing."[28] Since then, Defendants have not pursued further enforcement against Plaintiffs.[29]

Plaintiffs argue that "[e]ven if there is no current investigation or enforcement, [Dr. Khan] still faces injury due to the threat of future enforcement,"[30] and that under the ripeness doctrine, they need not "endure enforcement before seeking relief."[31] The Court acknowledges that

---

[25] *See* Defs.' Br. Supp. Second Mot. to Dismiss 8, ECF No. 29-1.
[26] Pls.' Sur-reply 2, ECF No. 33.
[27] *Id.* at 2.
[28] *Id.* at 3.
[29] *See* Defs.' Br. Supp. Second Mot. to Dismiss 8, ECF No. 29-1.
[30] Pl.'s Sur-reply 3, ECF No 33.
[31] *Id.*

Plaintiffs' arguments are centered on ripeness, not standing. Nevertheless, the cases cited by Plaintiffs for their ripeness arguments still demand there be a "credible threat of prosecution" for Plaintiffs to satisfy Article III's injury-in-fact requirement. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014). Comparisons between this suit and those cases in which the plaintiff faced a "credible threat of prosecution" demonstrate that Plaintiffs here do not face a "substantial likelihood" of future injury as required under *Bauer*. 341 F.3d at 358.

In *Susan B. Anthony List*, the Supreme Court held that a plaintiff satisfies Article III's injury-in-fact requirement "where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a *credible threat of prosecution thereunder*.'" 573 U.S. at 159 (emphasis added) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). In *Susan B. Anthony List*, the plaintiff had already been subject to past enforcement of the challenged law, and the Ohio Election Commission found "probable cause to believe that SBA violated the statute." *Id.* at 162. Here, Defendants have already investigated Plaintiffs and found the complaint against them unsubstantiated.[32] Since then, Defendants have given Plaintiffs no indication of any intention to investigate them in the future. Plaintiffs, in fact, admit that Dr. Khan "now has the certifications that technicians have and meets all the criteria of a radiology technician,"[33] thereby further extinguishing any threat of future injury from DSHS regarding enforcement of Section 289.230(r)(2).

Plaintiffs next cite *Abbott Laboratories v. Gardner* to argue that the Supreme Court "permitted pre-enforcement judicial review where a regulation imposed immediate and significant burdens and waiting for enforcement would cause substantial hardship."[34] 387 U.S. 136, 149

---

[32] *See* Exhibit E, at 34, ECF No. 26.
[33] Pls.' Resp. 3, ECF No. 30.
[34] Pls.' Sur-reply 4, ECF No. 33.

(1967). By saying "[t]hat principle applies directly here," Plaintiffs draw a comparison between Section 289.230(r)(2) and the regulation in *Abbott Laboratories*. The regulation at issue in that case was "promulgated in a formal manner after announcement in the Federal Register and consideration of comments." *Id.* at 151. This was an agency action, a "statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." *Id.* at 149. Here, DSHS made no statements about the applicability of Section 289.230(r)(2) to Dr. Khan. To the contrary, its investigation ended in a finding that the complaint was unsubstantiated.[35]

Finally, Plaintiffs cite *MedImmune, Inc. v. Genentech, Inc.* to argue that "a party need not break the law or wait for enforcement to seek relief when the threat of penalties hangs over their head."[36] 549 U.S. 118, 127 (2007). The Supreme Court, though, explained its holding applied where there was a "genuine threat of enforcement." *Id.* at 129. The plaintiffs in *MedImmune, Inc.* had avoided an "imminent threat of harm" only by being "effectively coerced" from pursuing activities they claimed to have a legal right to do. *Id.* There is no such coercion or genuine threat of enforcement in this case. DSHS received a complaint of wrongdoing, investigated the complaint, and ultimately determined the complaint was unsubstantiated. DSHS has since taken no actions to indicate any future enforcement.[37]

Because Plaintiffs have failed to demonstrate (1) continuing, present adverse effects from past illegal conduct, or (2) a substantial likelihood of future injury, Plaintiffs lack standing to bring their due process claim and request for application of the "arbitrary and capricious" standard. *See Bauer*, 341 F.3d at 358. Accordingly, the Court **DISMISSES** these claims.

---

[35] *See id.* at 3.
[36] *Id.* at 4.
[37] *See* Defs.' Br. Supp. Second Mot. to Dismiss 8, ECF No. 29-1.

### B. Eleventh Amendment Immunity

In their Amended Complaint, Plaintiffs also bring defamation claims against Defendants for both slander and libel.[38] Specifically, they allege that Defendants "[m]ade false and defamatory oral statements regarding Dr. Khan's conduct, including but not limited to accusing her of 'criminal' wrongdoing, suggesting she was unqualified or in violation of regulatory standards, and asserting that her career was 'finished.'"[39] They also contend that as a result of the alleged defamation, Plaintiffs suffered "damage to Dr. Khan's reputation," "loss of current and prospective business opportunities," and "financial harm," among other injuries.[40]

Defendants argue that "Eleventh Amendment immunity applies to defamation claims if there is no showing of a waiver or abrogation of immunity" and that Plaintiffs have failed to show "or even allege any waiver or abrogation."[41] Plaintiffs, in turn, argue that their defamation claims fall under the *Ex parte Young* exception.[42] The Court agrees with Defendants.

The Fifth Circuit in *Green Valley Special Utility District v. City of Schertz* stated that for *Ex parte Young* to apply, three criteria must be met: "(1) [a] plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as *prospective*." 969 F.3d 460, 471 (5th Cir. 2020) (emphasis added) (citation modified). Courts are to conduct a "straightforward inquiry" and avoid evaluating the merits of the underlying claims. *Id.* (citation omitted).

---

[38] See Pls.' Am. Compl. ¶¶ 49–56, ECF No. 26.
[39] *Id.* ¶ 52.
[40] *Id.* ¶ 56.
[41] Defs.' Br. Supp. Second Mot. to Dismiss 13, ECF No. 29-1.
[42] Pls. Resp. 8–9, ECF No. 30.

The Court holds that Plaintiffs have not sought prospective relief. The Fifth Circuit has held that "[u]nder *Ex parte Young*, a court is permitted to command[] a state official to do nothing more than refrain from violating federal law." *Jackson v. Wright*, 82 F.4th 362, 368 (5th Cir. 2023) (second alteration in original) (internal quotation marks and citation omitted). Indeed, the *Ex parte Young* exception "does not permit judgments against state officers declaring that they violated federal law in the past." *Id.* (citation omitted).

In their Prayer for Relief, Plaintiffs ask the Court to "[d]eclare the Defendants' statements and actions as defamatory."[43] Plaintiffs maintain, however, that Defendants' defamatory statements were made "during the investigation of MedX and Dr. Khan."[44] Plaintiffs have failed to allege that Defendants have continued to make defamatory statements since then. Any declaratory relief from the Court would thus focus on Defendants' past conduct, constitute retrospective relief, and be barred by Eleventh Amendment immunity. Accordingly, the Court must **DISMISS** Plaintiffs' defamation claims because Plaintiffs do not seek prospective relief to invoke the *Ex parte Young* exception.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Second Motion to Dismiss (ECF No. 29). Accordingly, Plaintiffs' claims are hereby **DISMISSED without prejudice**. Separate final judgment shall issue.

**SO ORDERED** on this **27th day** of **July, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[43] Pls.' Am. Compl. ¶ 57, ECF No. 26.
[44] *Id.* ¶ 54.

11